UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 08-156-KSF

MIMA FRANCIS,
NATURAL MOTHER OF C.C.F.                                                                 PLAINTIFF

v.                                **OPINION & ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

The plaintiff, Mima Francis, the natural mother of C.C.F., brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her claim for Child's Supplemental Security Income ("SSI") based on disability. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.     LAW APPLICABLE TO CHILD'S SSI BENEFITS**

As of 1996, strict standards for child's SSI claims were adopted by Congress. The Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (the "Welfare Reform Act"), 42 U.S.C. § 601 *et seq.*, provides that:

> An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which lasted or can be expected to last for a continuous period of not less than 12 months.

1

42 U.S.C. § 1382c(a)(3)(C)(I). The SSA has promulgated final rules implementing this provision, including regulations setting out a three-step sequential evaluation for determining disability. Under these regulations, the SSA will first determine whether the child is working. If not, then at the second step the SSA considers whether the child has a medically determinable severe impairment which is expected to result in death, or has lasted or is expected to last for a continuous period of not less than 12 months. If so, then at the third step, the SSA considers whether the impairment or combination of impairments meets, medically equals, or functionally equals the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2000)(the "Listings"). 20 C.F.R. § 416.924 (2000).

The regulations set forth methods to be used to determine whether an impairment is functionally equivalent to a Listing, including consideration of whether the child's impairment effects "broad areas of development and functioning" set forth in the regulations. 20 C.F.R. § 416.926a(b)(1)-(4) (2000). Functional equivalence is established if the child has one area of extreme functional limitations (i.e., very serious interference with functioning) or two areas of marked limitation (i.e., serious interference with functioning) in domains defined by the regulations. *Id*. The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

## II. GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42

U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

### III. DISCUSSION

The plaintiff filed earlier application for Child's SSI on behalf of C.C.F. on February 4, 2004 [TR 42]. This application was denied at all administrative levels, and was appealed to the federal district court. On February 29, 2008, the Honorable G. Wix Unthank affirmed the denial of the decision. *Francis v. Astrue*, Pikeville Civil Action No. 07-95-GWU. The plaintiff filed her current application for Child's SSI on July 21, 2005. Pursuant to *Drummond v. Commissioner of Social Security*, 126 F.3d 837, 842 (6th Cir. 1997), the Commissioner is bound by findings made in the July 2005 decision absent evidence of changed circumstances.

In this case, the Administrative Law Judge ("ALJ") concluded that C.C.F., then a preschool age child, was not working and had the following severe impairments: "status post transcatheter closure of patent ductus ateriosus, 06/04/04 [this being a fetal blood vessel connecting the pulmonary

artery to the descending aorta]; asthma/bronchitis; recurring upper respiratory infections and allergic rhinitis; exposure to second hand smoke secondary to parental non-compliance; and undiagnosed "developmental delay" [TR 18]. However, the ALJ concluded that C.C.F. has a "less than marked" or no limitations in all six domains, and thus, she is not disabled [TR 24-27].

On appeal, the plaintiff argues that the ALJ erred because C.C.F.'s impairments functionally equal a listed impairment. Specifically, she contends that the ALJ should have found C.C.F. had "extreme" limitations in the domains of "health and physical well-being" and "moving about and manipulating objects." The record, however, does not support her argument.

Two and one half years after her heart surgery, her pediatric cardiologist, Dr. Mark Vranicar, stated that C.C.F. was asymptomatic and stable from a cardiac standpoint even though she continued to have clinical evidence of a tiny muscular ventrical septal defect that was not hemodynamically significant [TR 20, 120-33, 324-25]. At her last visit in November 2006, Dr. Vranicar did not require C.C.F. to return for any follow up for two years [TR 301].

State agency medical examiner, Dr. JoAnn Sexton, assessed C.C.F. with a less than marked limitation in the domain of "health and physical well-being," but noted that she had no limitations in the remaining five domains [TR 134-40]. She agreed with Dr. Vranicar that C.C.F.'s small ventricular septal defect was not physiologically significant [TR 137].

Another state agency medical examiner, Dr. Dennis Penn, concluded that C.C.F. had less than marked limitations in the domains of "caring for one's self" and "health and physical well-being" [TR 115A-17]. He also assessed a marked limitation in the domain of "moving about and manipulating objects" [TR 116]. Importantly, this is the only assessment of a marked limitation in any domain in the record - there is no medical assessment of an extreme limitation. In order to

4

establish functional equivalence, the plaintiff has to prove that C.C.F.'s impairment resulted in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain of functioning. Even if Dr. Penn's assessment is given controlling weight, the plaintiff is still unable to establish that C.C.F. has another marked limitation or an extreme limitation such that she must be found disabled.

The record simply reveals that C.C.F. has been treated routinely with medication for asthma, sinus problems, and bronchitis [TR 141-323]. Her parents continue to smoke, despite C.C.F.'s doctors recommending otherwise, further contributing to her respiratory problems [TR 21, 285-86, 291, 293]. Although her mother reports that C.C.F suffers from "smothering" incidents, she explained that these spells mostly occurred when her son turned up the heat in the house [TR 348-49]. At the hearing, C.C.F. testified that she likes to play basketball on the weekends [TR 335]. The record simply does not reflect the existence of the kind of "marked" or "extreme" limitations required for an impairment to be considered disabling.

Based on the evidence in the record, including the medical record from C.C.F.'s treating cardiologist, the assessments of the state agency medical reviewers, and testimony from the plaintiff and C.C.F. at the hearing, the Court finds substantial evidence in the record to support the ALJ's finding that C.C.F. is not disabled. Accordingly, the decision of the Commissioner will be affirmed.

**IV.   CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)   the plaintiff's motion for summary judgment [DE #11] is **DENIED**;

(2)   the Commissioner's motion for summary judgment [DE #12] is **GRANTED**;

(3)　　the decision of the Commissioner is **AFFIRMED** pursuant to sentence 4 of 42 U.S.C. § 405(g) as it was supported by substantial evidence and decided by the proper legal standards; and

(4)　　a judgment will be entered contemporaneously with this Opinion and Order.

This March 20, 2009.

Signed By:

*Karl S. Forester* KSF

United States Senior Judge